**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

SHONDELL KILLEBREW,

   Plaintiff,

v.                      Case No. 09-C-265

SANDY JACKSON and GWEN SCHULTZ,

   Defendants.

## ORDER

  The plaintiff, a Wisconsin state prisoner, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*.

  The plaintiff is required to pay the statutory filing fee of $350.00 for this action. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed *in forma pauperis*. The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $1.25.

  The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state

a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To avoid dismissal for failure to state a claim, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). It is not necessary for the plaintiff to plead specific facts; his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007) (citations omitted). In deciding whether the complaint states a claim, the court must accept as true all of the factual allegations contained in the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). There is no heightened pleading requirement for *pro se* prisoner civil rights complaints. *Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004). Of course, if a

-2-

complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Id.* at 970.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: 1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was visited upon the plaintiff by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson*, 127 S. Ct. at 2200 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiff was incarcerated at the Waupun Correctional Institution (WCI) at all times relevant. Defendants Nurse Sandy Jackson and Lieutenant Gwen Schultz are employed at WCI.

According to the complaint, the plaintiff suffers from an underlying medical condition caused by a bullet in his back which has left him partially paralyzed. The plaintiff alleges that on October 4, 2008, he was involved in "an incident" with a WCI prison official "who used unnecessary physical force." (Compl. at 1). The affidavit of inmate David Ireland, which is attached to the complaint, describes the incident in more detail. *See* Fed. R. Civ. P. 10(c) (copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes). Mr. Ireland, who is housed in a cell next door to the plaintiff, avers that the plaintiff requested to use the elevator to go to a lower-level recreation room because using the stairs is painful

-3-

Case 2:09-cv-00265-JPS   Filed 06/16/09   Page 3 of 11   Document 10

due to his partial paralyzation. Although a prison official granted the plaintiff's request, upon returning from the recreation room he was upset and complained that a prison official "grabbed him around the neck and pulled him up the stairs" rather than allowing him to take the elevator back up to his cell. (Ireland Aff. at 1).

The plaintiff alleges that shortly after returning to his cell, he began having intense back pains and spasms and, therefore, pushed the emergency call button several times seeking medical attention. Defendant Nurse Jackson responded to the call and the plaintiff moaned in pain that he needed to be seen. However, defendant Jackson denied the plaintiff's request for medical attention and walked away from his cell without providing treatment.

The plaintiff, who was desperate to obtain the attention of a supervisor by any means necessary, requested his pain medication from a prison official. Instead of taking one dose and returning the rest of his pills, the plaintiff decided to hold onto the entire supply of pills. He told a prison official that he would not give anything back until "I see a white shirt" admitting the official's use of excessive force. *Id.* at 2. Prison staff, including defendant Jackson, tried to convince the plaintiff to return the medication. When that proved unsuccessful, a supervisor was notified of the developing situation. The plaintiff's back once again began to spasm while waiting for the supervisor and to help alleviate the pain, he laid down on his bed and took a dose of pain medication. Five to ten minutes later, defendant Lieutenant Schultz appeared at the plaintiff's cell door to ask why he insisted on holding onto the entire

supply of pills. The plaintiff informed defendant Schultz of the altercation with a prison official and defendant Jackson's subsequent denial of medical attention and Schultz promised the plaintiff that if he returned the medication, she would personally see to it that he was assessed by medical staff. The plaintiff maneuvered himself from the bed to the floor and tried to crawl to the cell door to give back the medication. Back pain left the plaintiff motionless in the middle of the floor and he cried out in pain, "I can't move." *Id.* at 3.

Next, an extraction team put together by defendant Schultz entered the plaintiff's cell. Defendant Schultz placed restraints on the plaintiff's hands and legs for the staff's safety and warned the plaintiff that if he made anyسudden moves, she was authorized to use an electric shield device. The plaintiff's involuntary back spasms made it difficult for defendant Jackson to assess the plaintiff and get an accurate blood pressure reading. Instead of taking precautions and sending the plaintiff to the hospital for further assessment, the extraction team left the plaintiff lying on the floor, offering only ice to relieve the pain. The plaintiff yelled after the team, "Ya'll just going to leave me on the floor in pain[?] I need medical attention!" *Id.*

The plaintiff claims that the defendants personally participated in the denial of medical care resulting in aggravated back spasms and pain. According to the plaintiff, physical discomfort affects his daily activities and increased pain medication only provides temporary relief. The plaintiff claims that the defendants were

-5-

deliberately indifferent to his serious medical needs in violation of the Eighth Amendment to the United States Constitution. He seeks declaratory and injunctive relief, as well as compensatory and punitive damages.

To establish liability under the Eighth Amendment, a prisoner must show: (1) that his medical need was objectively serious; and (2) that the official acted with deliberate indifference to the prisoner's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001); *see also Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Zentmyer v. Kendall County, Ill.*, 220 F.3d 805, 810 (7th Cir. 2000).

A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious even a lay person would easily recognize the necessity for a doctor's attention." *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997)). Factors that indicate a serious medical need include "the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Gutierrez*, 111 F.3d at 1373 (citations omitted). A medical condition need not be life-threatening to qualify as serious, provided that the denial of medical care could result in further significant injury or in the unnecessary infliction of pain. *See Reed v. McBride*, 178 F.3d 849, 852-53 (7th Cir. 1999); *Gutierrez*, 111 F.3d at 1371.

A prison official acts with deliberate indifference when "the official knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. Prison officials act with deliberate indifference when they act "intentionally or in a criminally reckless manner." *Tesch v. County of Green Lake*, 157 F.3d 465, 474 (7th Cir. 1998). Neither negligence nor even gross negligence is a sufficient basis for liability. *See Salazar v. City of Chicago*, 940 F.2d 233, 238 (7th Cir. 1991). Prison officials have considerable discretion when caring for an inmate's health or safety, but "a plaintiff's receipt of some medical care does not automatically defeat a claim of deliberate indifference." *Edwards v. Snyder*, 478 F.3d 827, 831 (7th Cir. 2007). Dissatisfaction with medical care received may support a plaintiff's claim if the treatment is "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate" a medical condition. *Id.* (citing *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996)).

In this case, the plaintiff claims that the defendants were deliberately indifferent to his serious medical need when they failed to provide medical treatment following an incident where the plaintiff, who is partially paralyzed, was dragged up a flight of stairs. The incident aggravated the plaintiff's underlying back condition to the point that he was lying in the middle of his cell unable to move. Based on these allegations and the relevant law, the court finds that the plaintiff may proceed on an Eighth Amendment claim of deliberate indifference to his serious medical need.

**Motion to Appoint Counsel**

The plaintiff has filed a motion to appoint counsel. Although civil litigants do not have a constitutional or statutory right to appointed counsel, the court has the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997) (citing *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995)). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt*, 503 F.3d at 654; *Zarnes*, 64 F.3d at 288. Once this threshold burden has been met, the court must address the following question: given the difficulty of the case, does this plaintiff appear competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. *Pruitt*, 503 F.3d at 654-55 (citing *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)).

In this case, the plaintiff has not provided evidence that he attempted to obtain legal counsel on his own. However, it appears that he is competent to litigate the case himself at this stage. The plaintiff filed a detailed complaint setting forth his claims. Moreover, despite the plaintiff's statement that his limited knowledge of the law renders him incapable of sufficiently handling complex issues and conflicting testimony, the issues in this case appear at this stage to be straightforward and uncomplicated. Thus, the plaintiff's motion will be denied.

**Motion to Extend Time to Pay Initial Partial Filing Fee**

The plaintiff has filed a motion for an extension of time to pay the initial filing fee due to trouble obtaining and paying the $1.25 fee on or before April 23, 2009. On April 24, 2009, the court received the $1.25 fee from a friend of the plaintiff, Jeffrey Howard, who indicated that he was paying on the plaintiff's behalf. Although the fee was paid late, it was only late by one day. The court accepts the $1.25 payment as fulfillment of the initial partial filing fee. Thus, the plaintiff's motion will be denied as moot.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for leave to proceed in forma pauperis (Docket #2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Docket #3) is **DENIED**.

**IT IS ALSO ORDERED** that the plaintiff's motion for extension of time to pay the initial partial filing fee (Docket #5) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendant pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although

Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $348.75 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

The plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, he may send out

identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 16th day of June, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge