# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SHONDELL KILLEBREW,

        Plaintiff,

v.                                                 Case No. 09-CV-265

SANDY JACKSON and GWEN SCHULTZ,

        Defendants.

# ORDER

The plaintiff, Shondell Killebrew, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 and was granted leave to proceed *in forma pauperis* on an Eighth Amendment deliberate indifference to a serious medical need claim. There are several motions pending which will be addressed herein.

### Plaintiff's Motion to Amend Complaint

On July 15, 2009, the plaintiff filed a motion to amend the complaint along with a proposed amended complaint. He seeks to add claims under the Americans with Disabilities Act and the Rehabilitation Act based on the same allegations set forth in the original complaint. The plaintiff also names new defendants who were allegedly involved in the complaint allegations. The defendants did not file a response to the motion.

A party may amend its pleading once as a matter of course before being served with a responsive pleading. Fed. R. Civ. P. 15(a)(1)(A). Accordingly, the

plaintiff's motion will be granted and the proposed amended complaint will be the operative complaint in this action.

## Defendants' Motion for Summary Judgment

On July 7, 2009, the defendants filed a motion for summary judgment for failure to exhaust administrative remedies in which they contend that this case should be dismissed because the plaintiff did not file a timely appeal of the dismissal of his offender complaint to the Corrections Complaint Examiner. The plaintiff filed a response asserting that he was unable to timely file his appeal.[1] The defendants' supporting materials filed along with their summary judgment motion include the plaintiff's Inmate Complaint History Report. (Affidavit of Thomas J. Gozinski, Ex. 1003.) A review of this report reveals that the plaintiff may have filed additional offender complaints related to the claim upon which he is proceeding and involving people other than the two defendants named in the original complaint. In consideration of the amended complaint, a ruling on the defendants' summary judgment motion would be premature.

## Defendants' Motion to Compel

On October 2, 2009, the defendants filed a motion to compel plaintiff to sign authorization for release of medical information. Ruling on this motion at this time would also be premature. After the new defendants have been served and filed an

---

[1] The plaintiff's response, which was received and placed in the case file on or about July 16, 2009, was inadvertently not filed or scanned into CM/ECF upon receipt. This error has been corrected.

-2-

answer to the amended complaint, the court will issue a Scheduling Order setting deadlines for the completion of discovery and filing dispositive motions.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion to amend the complaint (Docket #25) be and the same is hereby **GRANTED**. The amended complaint filed July 15, 2009, is the operative complaint in this action.

**IT IS FURTHER ORDERED** that the United States Marshal serve the amended complaint upon the new defendants pursuant to Federal Rule of Civil Procedure 4.

**IT IS FURTHER ORDERED** that the defendants file an answer to the amended complaint.

**IT IS FURTHER ORDERED** that the defendants' motion for summary judgment (Docket #17) be and the same is hereby **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the defendants' motion to compel (Docket #28) be and the same is hereby **DENIED WITHOUT PREJUDICE**.

Dated at Milwaukee, Wisconsin, this 28th day of October, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge