# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SHONDELL KILLEBREW,

        Plaintiff,

v.                                          Case No. 09-CV-265

SANDY JACKSON, GWEN SCHULTZ,
RICK RAEMISCH, AMY SMITH,
MICHAEL THURMER, MR. MISNER,
BELINDA SCHRUBBE, STEVEN WIERENGA,
DEBRA GEMPELER, GENJAMIN HILBERT,
SHAW MARTIN, STEFANY SZEMRAJ,
JESSE JONES, FRANCES MONROE JENNINGS,
JULIE SCHAEFER, KIM SCHMIDT,
SANDY MARKUS, TODD CALLISTER,
MARY SLINGER, RALPH FROELICH,
TAMMY WESTPHAL, ELLEN O'BRIEN,
DR. PAUL SUMNICHT, MARY GORSKE,
PATTY CARRAN, GAIL WATTZ,
CHARLENE REITZ, JOSEPH SUTTON, and
BILLY PONTOW,

        Defendants.

## ORDER

On October 28, 2009, the court granted the plaintiff's motion to file an amended complaint and directed the United States Marshal to serve the amended complaint upon the defendants pursuant to Federal Rule of Civil Procedure 4. On October 29, 2009, the defendants filed a motion for Screening Order under 28 U.S.C. § 1915A in which they contend that a Screening Order may significantly limit the claims as well as the number of defendants in this action. The defendants also

seek leave to respond to the amended complaint within 20 days after the issuance of an Order concluding the screening process.

The Order granting the plaintiff's motion to amend the complaint was also, in effect, a finding that he stated a plausible claim against the named defendants. Although the motion was granted as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1), a district court need not allow the filing of an amended complaint, even when no responsive pleading has been filed, if it is clear that the proposed amended complaint is deficient and would not survive a motion to dismiss. *See Johnson v. Dossey*, 515 F.3d 778 (7th Cir. 2008); *see also Moore v. Indiana*, 999 F.2d 1125, 1128 (7th Cir. 1993) (if a plaintiff seeks to add additional defendants, he must first obtain leave from the court, regardless of when the amended complaint was filed). In addition, the defendants did not file a response to the plaintiff's motion to amend.

However, upon further review of the amended complaint, the court finds that the plaintiff fails to state a claim against supervisory defendants Rick Raemisch, Amy Smith, Michael Thurmer, Mr. Misner, Belinda Schrubbe, and Steven Wierenga. Vicarious liability is inapplicable to § 1983 suits and, therefore, to state a claim, "a plaintiff must plead that each Government-official defendant, through the officials own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009); *see also Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir.

2009). A supervisor's "mere knowledge" of the subordinate's conduct is not enough. *Id.* at 1949.

Accordingly,

**IT IS ORDERED** that the defendants' motion for order for screening order (Docket #36) be and the same is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that defendants Rick Raemisch, Amy Smith, Michael Thurmer, Mr. Misner, Belinda Schrubbe, and Steven Wierenga be and the same are hereby **DISMISSED**.

**IT IS FURTHER ORDERED** that the defendants' motion for extension of time to response to plaintiff's amended complaint (Docket #36) be and the same is hereby **GRANTED**.

Dated at Milwaukee, Wisconsin, this 22nd day of December, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge