# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SHONDELL KILLEBREW,

        Plaintiff,

v.                                       Case No. 09-CV-265

SANDY JACKSON, GWEN SCHULTZ,
DEBRA GEMPELER, BENJAMIN HILBERT,
SHAW MARTIN, STEFANY SZEMRAJ,
JESSE JONES, FRANCE MONROE JENNINGS,
JULIE SCHAEFER, KIM SCHMIDT, SANDY MARKUS,
TODD CALLISTER, MARY SLINGER, RALPH FROELICH,
TAMMY WESTPHAL, ELLEN O'BRIEN, DR. PAUL SUMNICHT,
MARY GORSKE, PATTY CARRAN, GAIL WATTZ,
CHARLENE REITZ, JOSEPH SUTTON, and BILLY PONTOW,

        Defendants.

## ORDER

On February 1, 2010, the plaintiff filed a "Motion for Reconsideration to Dismiss" in which he responds to affirmative defenses set forth in the defendants' answer and asserts that his complaint should not be dismissed. However, the plaintiff's motion is not necessary because the court has not ordered him to reply to the defendants' answer, see Fed. R. Civ. P. 7(a), and it will, therefore, be denied.

On March 11, 2010, the plaintiff filed a "Motion to Exceed 30 Pages in Discovery Required by Civil L.R. 56.2" in which he requests that the court grant him leave to file discovery exceeding thirty pages. This motion is not entirely clear. If the plaintiff means that he be allowed to file materials supporting his summary judgment

motion that exceed thirty pages, the motion will be granted. In any event, the plaintiff's summary judgment motion and supporting materials have been filed and will be considered by the court to the extent that they comply with the Federal Rules of Civil Procedure and the Local Rules.

On March 17, 2010, the plaintiff filed two discovery-related motions and a motion for summary judgment. First, he filed a Motion for Discovery, which simply requests that the defendants answer his discovery requests and provide supporting Wisconsin Department of Corrections (DOC) documents as requested. This motion appears to be a general request to the defendants related to compliance with discovery requests. It does not request any action from the court and it is, therefore, moot.

The plaintiff's second discovery motion is a Motion for Examination and by this motion the plaintiff seeks to be examined by an outside doctor who can show that he has a medical impairment that restricts him from stairs. Rule 35(a) of the Federal Rules of Civil Procedure provides in relevant part that the court "may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). To obtain a Rule 35 examination, a party seeking such examination must show that each condition for which the examination is sought is "genuinely in controversy" and that "good cause exists for ordering the examination." *Schlagenhauf v. Holder*, 379 U.S. 104, 118-19 (1964); *see also Green v. Branson*,

-2-

Case 2:09-cv-00265-JPS   Filed 05/21/10   Page 2 of 7   Document 98

108 F.3d 1296, 1304 (10th Cir. 1997) (Rule 35 motion is not properly used to obtain medical care or to complain of deliberate indifference to a prisoner's serious medical needs). Such showings are not met by mere conclusory allegations of the pleadings or by mere relevance to the case. *Schlagenhauf*, 379 U.S. at 118-19. Rather, an affirmative showing by the movant of the factors specified by Rule 35 is required. *Id.* "Mental and physical examinations are only to be ordered upon a discriminating application . . . of the limitation prescribed by the Rule." *Id.* at 121.

The plaintiff has failed to make the requisite showing that "each condition for which the examination is sought is genuinely in controversy" and that there is good cause for such examinations. *See Schlagenhauf*, 379 U.S. at 118-19. Moreover, a medical examination is not necessary at this stage of the litigation.

The plaintiff has also filed a motion for summary judgment. In response, the defendants filed Defendants' Response and Motion to Strike Plaintiff's Motion for Summary Judgment and Motion for Extension to File Response. The defendants contend that the plaintiff's summary judgment motion should be stricken because it does not comply with the Local Rules. The plaintiff's motion, in part, does not comply. However, the court will consider the motion, and the evidentiary materials filed in support thereof, only to the extent that they do comply with both the Federal Rules and the Local Rules. The court will, therefore, not strike the motion and will grant the defendants' motion for extension of time to file a response.

-3-

On March 18, 2010, the defendants filed a Motion to Compel Plaintiff to Sign Authorization for Release of Medical Information. The defendants contend that the plaintiff is required to permit counsel to have access to his medical records to determine what injuries, if any, he reported that he suffered as a result of the alleged withholding of medical treatment. The defendants further contend that it is necessary for due process in the defense that counsel be able to evaluate the plaintiff's allegations by examining his medical and mental health care records which are in the possession of the DOC. The court finds that the defendants are seeking relevant information. The plaintiff should sign and return the medical authorization within ten days of the date of this order.[1]

On May 5, 2010, the plaintiff filed a motion for appointment of counsel. He asserts that the issues involved in this case may become too complex for him to litigate on his own, that he needs counsel for deposition, that there are numerous defendants who need to be deposed, that expert witnesses will need to testify about the plaintiff's disability, that a trial in the case will likely involve conflicting testimony, and counsel would better enable him to present evidence and cross-examine witnesses. Although civil litigants do not have a constitutional or statutory right to appointed counsel, the court has the discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). *Pruitt v. Mote*,

---

[1] The dispositive motion filing deadline, which is currently May 20, 2010, will be extended until July 1, 2010 to allow the defendants time to obtain and review the medical records, and to file a dispositive motion, if applicable.

-4-

503 F.3d 647, 653 (7th Cir. 2007); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997) (citing *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995)). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. *Pruitt*, 503 F.3d at 654; *Zarnes*, 64 F.3d at 288. Once this threshold burden has been met, the court must address the following question: given the difficulty of the case, does this plaintiff appear competent to try the case himself and, if not, would the presence of counsel likely make a difference in the outcome of the case. *Pruitt*, 503 F.3d at 654-655 (citing *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)).

In this case, the plaintiff has provided evidence that he has attempted to obtain legal counsel on his own. However, the issues in this case appear at this stage to be straightforward and the plaintiff's filings indicate that he is capable of litigating this case himself at this time. The plaintiff's summary judgment motion is pending, and thus far he has been able to litigate on his own. The plaintiff may refile his motion, if applicable, after the court decides his summary judgment motion. Accordingly,

**IT IS ORDERED** that the plaintiff's motion for reconsideration to dismiss (Docket #55) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for leave to file excess pages (Docket #59) be and the same is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for discovery (Docket #61) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for examination (Docket #62) be and the same is hereby **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the defendants' motion to compel plaintiff to sign authorization for release of medical information (Docket #70) be and the same is hereby **GRANTED**. The plaintiff should sign and return the medical authorization to the defendants within ten days of the date of this order.

**IT IS FURTHER ORDERED** that the defendants' motion to strike the plaintiff's motion for summary judgment (Docket #80) be and the same is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the defendants' motion for extension of time to file response to plaintiff's motion for summary judgment (Docket #81) be and the same is hereby **GRANTED**. The defendants response is due on or before **July 1, 2010.**

**IT IS FURTHER ORDERED** that the dispositive motion filing deadline is extended until **July 1, 2010.**

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Docket #85) be and the same is hereby **DENIED WITHOUT PREJUDICE**.

Dated at Milwaukee, Wisconsin, this 21st day of May, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge